◼ VECTOR ADVERTISING & MARKETING LIMITED (IN LIQUIDATION), Respondent, v WILLIAM T. LARGE, Appellant. [775 NYS2d 159]—

In an action pursuant to CPLR article 53 to enforce a judgment entered in Great Britain in favor of the plaintiff and against the defendant, the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated January 10, 2003, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant acknowledged that he originally was represented by counsel in connection with the litigation in Great Britain that resulted in a judgment against him, and that he later "began to undertake the defense of the action *pro se.*" The record also establishes that, prior to the entry of the English judgment, the defendant at one point stipulated to pay 15,000 to settle the plaintiff's claim, and that he failed to pay that sum in accordance with the stipulation.

The defendant now argues that there are issues of fact as to whether he was afforded proper notice of the steps that were taken by the plaintiff before its entry of the judgment against him in Great Britain. However, any presumed failure by the plaintiff to furnish proper notice to the defendant of the impend-

ing entry of the British judgment against him would not constitute a basis upon which a court in this state could properly refuse to give conclusive effect to a valid and enforceable British judgment (*see* CPLR 5304; *see generally CIBC Mellon Trust Co. v Mora Hotel Corp.,* 100 NY2d 215 [2003], *cert denied* — US —, 124 S Ct 399 [2003]). Therefore, no triable issue of fact exists, and the plaintiff's motion for summary judgment was properly granted. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.